**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | |
|---|---|
| CHRISTOPHER JOHN MCCLURE, | ) |
| | ) Case No. 1:18-cv-251 |
| *Plaintiff*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Susan K. Lee |
| BENNIE RICHARDSON, JOE GUY, | ) |
| MAYOR OF MCMINN COUNTY, | ) |
| DOCTOR NATHAN TRENTHAM, | ) |
| | |
| *Defendant*. | |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On February 13, 2019, the Court entered an order screening the complaint and providing that Plaintiff had thirty days from the date of the order to file an amended complaint [Doc. 8]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 3]. Plaintiff did not timely comply with this order or otherwise communicate with the Court. Accordingly, on March 28, 2019, the Court entered an order requiring Plaintiff to show good cause as to why he had not complied with the previous order within fifteen days and notifying Plaintiff that if he did not timely comply with that order, the Court would dismiss this action [Doc. 9 p. 1]. More than eighteen days[1] have passed since entry of this order, and Plaintiff has

---

[1] Service of the Court's previous order was made by mail pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff had an additional three days to comply with the order. Fed. R. Civ. P. 6(d). The Court also notes that, as Plaintiff is no longer incarcerated [Doc. 6], the Clerk has mailed the Court's orders to Plaintiff at his permanent home address.

not complied or otherwise communicated with the Court.  Accordingly, for the reasons set forth below, this action will be **DISMISSED with prejudice** due to Plaintiff's failure to prosecute and/or comply with the Court's orders.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999).  The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff willfully failed to respond and comply with the Court's previous orders.  Specifically, it appears that Plaintiff received the Court's previous orders, but chose not to comply.  Accordingly, the first factor weighs in favor of dismissal.  As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's orders.  As to the third factor, the Court warned Plaintiff that it would dismiss this case if he failed timely comply with the Court's orders [Doc. 8 p. 3; Doc. 9 p. 1].  Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective.  Plaintiff was a prisoner who was granted leave to proceed *in forma pauperis* in this action [Doc. 7], Plaintiff has not pursued this action since filing a notice of change of

address more than four months ago, and Plaintiff is not complying with the Court's orders or otherwise communicating with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R**:

>*/s/ Travis R. McDonough*
>**TRAVIS R. MCDONOUGH**
>**UNITED STATES DISTRICT JUDGE**